*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BIANCA KELLEY,

       Plaintiff-Appellant,

v

AMERICAN COUNTRY INSURANCE
COMPANY and MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY,

       Defendants-Appellees.

UNPUBLISHED
December 26, 2019

No. 345007
Wayne Circuit Court
LC No. 17-010926-NF

Before: BECKERING, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

In this action for no-fault personal protection benefits (PIP), plaintiff, Bianca Kelley, appeals by right from a final order entered on June 28, 2018 granting the motion for summary disposition filed by defendant American Country Insurance Company (hereafter, "ACIC"). In addition to challenging the court's grant of ACIC's summary disposition motion, plaintiff also challenges the trial court's previous order granting the motion for summary disposition filed by defendant the Michigan Automobile Insurance Placement Facility (hereafter, "the MAIPF"). The trial court granted both motions pursuant to MCR 2.116(C)(10) (no genuine issue of material fact; movant entitled to judgment as a matter of law). For the reasons explained below, we vacate the trial court's orders and remand the matter for further proceedings.

## I. RELEVANT FACTS AND PROCEEDINGS

Plaintiff maintains that she suffered injury in an accident that occurred on September 9, 2016. On September 14, 2016, plaintiff filed an application for PIP benefits with the MAIPF, and on July 7, 2017, she filed a complaint for no-fault benefits against ACIC and the MAIPF. During the course of discovery, depositions were taken of plaintiff, Rasheen McKnight, the owner of Mack Transportation, and Oneita (Nita) Peoples, who did Mack Transportation's billing.

Plaintiff testified that she contacted her health insurance company, Meridian Health, to arrange transportation to an OBGYN doctor's appointment on September 9, 2016, and a

-1-

Meridian representative told her that Mack Transportation would be coming to pick her up. On the appointed day, she got into a gray or silver car. Plaintiff said she did not know whether the car was a Buick; she just remembered the car's color. She said that the driver did not "really have a conversation" with her when she got into the car or give her a card; instead, the driver talked and texted on her phone during the entire ride. Plaintiff said she was also looking at her phone and not paying attention to her surroundings when she heard "a big boom noise" and saw that they had crashed into the back of a small black Mercedes Benz. Plaintiff recalled that fluid was leaking out of the front of the transport car and you could see the radiator.

Plaintiff testified that after the accident, she got out of the car and sat down on the grass, feeling dizzy. She had hit her head on the headrest and injured her hand trying to brace herself, and her back began "to feel kind of real funny." She said that the police and fire departments responded to the accident, and she surmised that a police report must have been completed, but she did not talk to the police and had never seen a police report related to the accident. She testified that Emergency Medical Services took her by ambulance to an emergency room, where hospital personnel asked her a few questions, kept her for a little while, and then sent her home. She remembered telling them she had a headache and her back hurt.

McKnight testified as the owner and representative of Mack Transportation, a company that contracts with brokers to provide nonemergency medical transportation. McKnight stated that ACIC insures all of Mack's vehicles. She further testified that, in 2016, Mack Transportation owned a 2006 gray Buick Lucerne that, as far as McKnight knew, was in service on September 9, 2016. According to McKnight, however, none of Mack Transportation's vehicles was involved in an accident around the date of plaintiff's alleged accident.

LogistiCare is one of the broker companies with which Mack Transportation contracts. According to McKnight, LogistiCare sends a message via its internet portal requesting transportation and providing a pickup time, a pickup address, and a drop-off location. Mack Transportation accepts or declines the request. If Mack Transportation accepts a run request, it assigns the pickup to a route. McKnight agreed that plaintiff was "on our manifest," meaning that LogistiCare did submit a request for Mack Transportation to transport plaintiff on September 9, 2016, that Mack Transportation accepted the request, and that the order was "put en route," which leads to a driver being assigned. Drivers receive notification of their routes daily by e-mail. McKnight admitted that she did not know to whom the route had been assigned because that is done by email and she no longer has those emails. In order to entitle Mack Transportation (and the driver) to receive payment for the run, Mack Transportation has to provide to Logisticare a pickup time, a drop off time, and the passenger's signature. McKnight said she looked at all of the drivers' trip logs for September 9, 2016, but none of them showed the requisite information for plaintiff. She explained that the Buick was currently at a repair shop in Plymouth, the name of which she did not know, and that it had been there since 2016, but she could not remember when it went it.

Peoples testified that she used log sheets submitted to her weekly by the drivers to do the billing for Mack Transportation. Attached as exhibit 2 to her deposition was a log sheet for the week ending September 11, 2016, that contained nine names and one partial name. Plaintiff is the sixth person on the list. The top four names show a September 9, 2016 date of service, LogistiCare job numbers, pickup times, drop-off times, actual trip mileage, mileage billed, and

the passenger's signature. The remaining names contain a line striking them out. Peoples explained that if a driver drew a line through a client's name, that meant that the driver talked to the person or went to pick the person up, but the run did not happen. She said that the normal procedure would be to write "cancelled" or "no show" in the blank provided for the client's name. Viewing the line through plaintiff's name in light of Mack Transportation's normal procedures, as well as the fact that she did not sign the trip log, Peoples concluded that plaintiff did not go on the trip. Peoples also provided a LogistiCare Web Batch Report (hereafter, "WBR") that reflected Mack Transportation's billing for trips that occurred on or around September 9, 2016, and showed that Peoples did not bill or receive any payments for plaintiff.

On February 20, 2018, the MAIPF filed a motion and supporting brief seeking summary disposition pursuant to MCR 2.116(C)(10). The MAIPF contended that if the accident plaintiff described occurred, the deposition testimony of plaintiff and of McKnight indicated that it had happened while plaintiff was a passenger in a 2006 Buick Lucerne owned and used for business by Mack Transportation and covered by a fleet policy of auto insurance issued by ACIC. ACIC is identifiable and applicable and has not rescinded, or suggested that it might rescind, its policy with Mack Transportation. Therefore, plaintiff was prohibited from claiming PIP benefits through the MAIPF, and the MAIPF was entitled to judgment as a matter of law.

Plaintiff and ACIC both filed briefs in opposition to the MAIPF's motion for summary disposition. Plaintiff reiterated the basics of her deposition testimony and attached excerpts from her deposition testimony, a September 9, 2016 record from Oakwood Heritage Hospital indicating that she presented for treatment complaining of injuries suffered in a car accident, and her complaint. The ACIC argued that no evidence corroborated plaintiff's allegation that she was involved in an accident while a passenger in a Mack Transportation vehicle. ACIC asserted that it was the MAIPF's responsibility to determine whose vehicle she was in and "chase that entity for payment." While the MAIPF's motion for summary disposition was still pending, ACIC filed its own motion for summary disposition, relying on the same arguments it raised in its brief in opposition to the MAIPF's motion for summary disposition.

The trial court first heard oral argument on the MAIPF's motion for summary disposition and found that there was a sufficient basis for the court to grant the MAIPF's motion. At plaintiff's request, the trial court granted the MAIPF's motion without prejudice. The trial court next heard oral arguments on ACIC's motion for summary disposition and, finding plaintiff's evidence insufficient to go forward with her claim, granted summary disposition to ACIC. Plaintiff filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. SUMMARY DISPOSITION AS TO THE MAIPF

Plaintiff first contends that the trial court erred in granting summary disposition to the MAIPF because there was a genuine issue of material fact regarding whether plaintiff was a passenger in a vehicle insured by ACIC at the time of the accident that caused her injuries. We agree. This Court reviews de novo a trial court's decision whether to grant a motion for summary disposition. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). This Court reviews a motion for summary disposition on appeal in the same way that the trial court was obligated to review it. See *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670

(2012). That is, this Court adopts the role of the trial court and determines whether the motion should have been granted or denied on the merits. *Morales v Auto-Owners Ins*, 458 Mich 288, 294; 582 NW2d 776 (1998). This Court's review is limited to the evidence that had been presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care*, *Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

"The purpose of the no-fault act, MCL 500.3101 *et seq.*, is to ensure the compensation of persons injured in automobile accidents." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 552; 909 NW2d 495 (2017) (quotation marks and citation omitted). Generally, persons injured in automobile accidents must seek PIP benefits from their own insurer. MCL 500.3114(1). However, pursuant to MCL 500.3114(2), a person injured while a passenger of a "motor vehicle operated in the business of transporting passengers shall receive the [PIP] insurance benefits to which the person is entitled from the insurer of the motor vehicle."[1] Where no insurance is available, a person may obtain PIP benefits through the Assigned Claims Plan, the insurer of last priority. See MCL 500.3172; *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015). A person entitled to claim PIP benefits through the assigned claims plan may do so if any of the following apply:

(a) No personal protection insurance is applicable to the injury.

(b) No personal protection insurance applicable to the injury can be identified.

(c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.

(d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. [MCL 500.3172(1).]

In the present case, the MAIPF argues that summary disposition was proper because plaintiff was not entitled to claim benefits under ML 500.3172(1). Subsections (a) and (b) did not apply because plaintiff identified ACIC as the provider of insurance applicable to any injury she allegedly suffered while a passenger in a Mack Transportation vehicle. Subsection (c) did not apply because there was no dispute between two or more insurers, and subsection (d) did not apply because ACIC had not claimed any financial inability.

Contrary to the MAIPF's representations, by the time the MAIPF filed its motion for summary disposition, there had arisen a question of fact as to whether plaintiff was injured in an accident involving a car owned by Mack Transportation. See *Innovative Adult Foster Care, Inc*, 285 Mich App at 475-476. The MAIPF was fully aware of this dispute, as it had taken the

---

[1] MCL 500.3114(2) was amended by 2016 PA 347, effective March 21, 2017. The amendments do not affect the instant appeal.

depositions of McKnight and Peoples, both of whom maintained that Mack Transportation did not end up transporting plaintiff on the day of the accident. In addition, plaintiff acknowledged the dispute by denying the MAIPF's statement, "In the instant case, there is no question that personal protection insurance has been identified and would be applicable to the injury in question, if it occurred." Moreover, in its response in opposition to the MAIPF's motion for summary disposition, the ACIC denied as untrue the MAIPF's assertions that McKnight testified that plaintiff was in a Mack Transportation vehicle on the date of the accident, that ACIC was identifiable and applicable as the insurer of the vehicle allegedly involved in the accident, and that the MAIPF was entitled to judgment as a matter of law. ACIC contended that its insured did not transport plaintiff on the date of the accident and attached as supporting documents pages from Peoples's deposition transcript where she explained that a name crossed off a daily trip log meant that the ride had not happened, as well as the daily trip log showing plaintiff's name crossed off. Finally, ACIC's motion for summary disposition based on the same arguments it advanced in opposition to the MAIPF's motion was also pending at the time the trial court decided the MAIPF's motion for summary disposition.

Plaintiff's denial of certain of the MAIPF's assertions, McKnight's deposition testimony, which the MAIPF attached to its motion, and the ACIC's response and evidence in opposition to the MAIPF's motion clearly indicated that there existed a question of fact regarding whether plaintiff was in a Mack Transportation vehicle when the alleged accident occurred, or some other transport company's vehicle. Viewing this evidence in the light most favorable to plaintiff supports the conclusion that there existed a genuine question of material fact regarding whether plaintiff had identified applicable insurance for the payment of PIP benefits. The lack of PIP insurance applicable to an injury and the failure to identify applicable insurance are statutorily prescribed reasons to file a claim with the MAIPF. MCL 500.3172(1)(a) and (b). Accordingly, the trial court erred in granting the MAIPF's motion for summary disposition.[2]

III. SUMMARY DISPOSITION AS TO ACIC

Plaintiff next contends that the trial court erred in granting ACIC's motion for summary disposition when there was a genuine issue of material fact regarding whether she was a passenger in an ACIC-insured vehicle at the time of the accident. Again, we agree.

When making a motion under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ*, 500 Mich 1, 9; 890 NW2d 344 (2016). ACIC identified two issues as to which it believed there was no genuine issue of material fact. Noting the absence of a police report or record showing that plaintiff went by EMS to the hospital immediately after the accident, ACIC first argued that the accident simply

---

[2] The MAIPF points out in the alternative that McKnight testified at her deposition that she owned other vehicles insured by USAA and contends that USAA is an identified insurer. This argument misrepresents McKnight's testimony, which was that USAA insures her personal vehicles under a policy in her husband's name, but ACIC insures the vehicles owned by Mack Transportation.

did not occur. Although the trial court does not appear to have adopted this position as a basis for its summary disposition decision, ACIC raises the argument in its brief to this Court, basing its position largely on the absence of documentation and its negative assessment of plaintiff's credibility.

Viewing the evidence in the light most favorable to plaintiff, ACIC has not established that there is no genuine issue of material fact as to whether the alleged accident actually happened. See *Lowrey*, 500 Mich at 9. Certainly, there are gaps in plaintiff's evidence, potentially fatal ones. ACIC correctly points out that, despite testifying that both the police department and the fire department responded to the accident, plaintiff has not presented a police report for the accident or any documentation substantiating that she went by EMS ambulance to a hospital emergency room immediately after the accident. Nor is there any record evidence of loss associated with injury or the need for services. Nevertheless, plaintiff did testify in some detail to the accident, and she did present provider notes from a visit to the emergency room at the Oakwood Heritage Hospital that aligned with the essence of her testimony.

The Oakwood Heritage Hospital provider notes indicate that plaintiff presented in the emergency room at 10:32 p.m. on September 9, 2016, with a headache, shoulder pain, and a reddish vaginal discharge.[3] The notes report that plaintiff said she had been involved in a car accident approximately 12 hours earlier and was seen subsequently at Oakwood Dearborn Hospital. The notes also report that plaintiff "has a scratch on her head," and indicate in a diagram that the scratch was located on her forehead, above her right eye. The notes further report, "[s]he was in the back seat passenger side being driven to her [doctor's] appointment for initial evaluation early pregnancy[,]" that the "M[otor] V[ehicle] A[ccident] was very low impact, both cars were moving same speed and the [patient's] car bumped into the back of the other car." These statements accord with plaintiff's deposition testimony that she was injured in a low-impact car accident while being transported to a doctor's appointment on the morning of September 9, 2016, and that she went to Oakwood Dearborn after the accident.

ACIC's argument that the absence of certain evidence suggests that the evidence does not exist and the accident did not occur, fails to account for the evidence that does exist. Even without a substantiating police report or documentation that she went by ambulance to Oakwood Dearborn Hospital, plaintiff's deposition testimony and the September 9, 2016 provider notes from Oakwood Heritage Hospital create a genuine issue of material fact as to whether the accident occurred. To conclude otherwise would require discrediting plaintiff's testimony, as well as her statements to Oakwood Heritage Hospital, and ignoring the circumstantial evidence supporting it. See *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994) (indicating that a court may not weigh credibility in deciding a motion for summary disposition); *Bergen v Baker*, 264 Mich App 376, 387; 691 NW2d 770 (2004) (indicating that circumstantial evidence can create a factual issue for trial). For this reason, we reject ACIC's position that it is entitled to summary disposition because there is no question that the accident never happened.

---

[3] Plaintiff was pregnant at the time of the alleged accident.

ACIC next argues that, even if plaintiff was involved in an accident, she was not a passenger in a Mack Transportation vehicle at the time. ACIC acknowledged that Mack Transportation accepted a request from LogistiCare to transport plaintiff to a medical appointment, that her name appeared on a daily trip log for the time frame in question, and that Mack Transportation owned a gray Buick Lucerne that it used to transport clients. However, the daily trip log that Peoples brought to her deposition showed that someone, presumably the driver, had crossed plaintiff's name off the list, along with the other names that appeared below plaintiff's name. According to Peoples, the line through plaintiff's name indicated that her ride had been cancelled before it had begun. In support of this interpretation, Peoples observed that the LogistiCare WBR covering September 9, 2016, did not show a billing for plaintiff's trip or for the other trips crossed off the trip log. She explained that if someone had simply transferred the trips to another driver, the LogistiCare job numbers would have followed the transfer and would have showed up on the WBR. The fact that none of the job numbers for the crossed-off names showed up on the WBR was further evidence that all of the trips, including plaintiff's, had been cancelled. Based largely on this evidence, ACIC argued that there was no genuine issue of material fact that plaintiff was not a passenger in a Mack Transportation vehicle at the time of the alleged accident.

The daily trip log and the LogistiCare WBR both show that Mack Transportation did not bill for plaintiff's trip. Peoples interprets the documents as indicating that plaintiff's trip was cancelled before it began. However, viewed in the light most favorable to plaintiff, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), the evidence does not necessarily dictate this conclusion. There is no dispute that Meridian Health arranged, through LogistiCare, for Mack Transportation to drive plaintiff to her doctor's appointment. Nor is it disputed that Mack Transportation accepted the request and scheduled a pickup for plaintiff and that plaintiff's trip was not completed and not billed. The question is whether plaintiff's trip was not completed and not billed because the Mack Transportation vehicle in which she was riding was involved in an accident or because the trip was cancelled before it began.

Peoples's interpretation of the trip log and the WBR relative to plaintiff's trip relies in part on the fact that the trips of two other passengers were not completed and not billed and the assumption that all three trips were not completed and not billed for the same reason, namely, they were cancelled before they began. That certainly could be true. However, given the aforementioned undisputed evidence, and considering plaintiff's testimony, it is reasonable to infer that the reason plaintiff's trip was not completed was not the same as the reasons the other trips were not completed, and that plaintiff's trip began, but was not completed because of the accident.[4] In other words, although Peoples's interpretation of the documentary evidence she provides is reasonable, it is also reasonable to infer an interpretation of the evidence consistent with plaintiff's account of events. See *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211(2010) (indicating that a court should draw all reasonable inferences in favor of the nonmoving party). ACIC suggests that the LogistiCare WBR is independent evidence because

---

[4] The trip log could also support an inference that subsequent rides were cancelled that day due to damage to the car involved in plaintiff's alleged accident.

Mack Transportation did not generate it. However, the WBR was generated from information entered by Peoples, for Mack Transportation, and although the WBR shows that LogistiCare was not billed for the transport of plaintiff on September, 9, 2016, it cannot answer the question of why her scheduled trip was not completed.

We acknowledge that the record contains evidence potentially weighing in favor of Peoples's conclusion that plaintiff's trip never began. Arguably, the fact that plaintiff's signature does not appear on the daily trip log could be interpreted as indicating that her trip was cancelled before it began. Plaintiff testified that whenever a transport vehicle arrives, "you sign a sheet, and you get in and go to your appointment." Peoples testified that, in order to receive payment for the trip, Mack Transportation has to provide a pickup time, a drop-off time, and the client's signature, and that she could not remember a driver ever forgetting to get the client's signature.

Plaintiff did not sign the trip log. This could mean that Mack Transportation did not pick her up. However, it might also mean that the driver for Mack Transportation picked her up without first getting a signature. Plaintiff testified that the driver did not "really have a conversation with me as I got into the vehicle," did not welcome her when she got into the car, and was distracted by her cell phone during the entire trip. Peoples testified to the necessity of a signature, but not to the procedure followed by Mack Transportation drivers when picking up a client, and plaintiff's testimony about procedure was general. There is no reason to believe that if a Mack Transportation driver did not get a signature at the start of a trip, he or she could not get it during or after the trip. And given plaintiff's description of her distracted driver, a reasonable juror could conclude that she may have neglected to obtain plaintiff's signature at the start of the trip, but intended to rectify the situation at some point during or after completion of the trip, had the trip been completed. In other words, while the absence of plaintiff's signature on the daily trip log could be seen as evidence that Mack Transportation did not transport plaintiff, the record contains testimony that, if believed, could explain why plaintiff's signature was not on the daily trip log.

ACIC contends that plaintiff's own testimony establishes that Mack Transportation did not pick her up. McKnight testified that Mack Transportation vehicles have the company's name and phone number on them. According to ACIC, plaintiff testified that "the vehicle she was in on the date of the supposed accident date [sic] did not have any decals or logos that would identify the vehicle as being a Mack Transportation vehicle." ACIC contends that plaintiff's testimony about the lack of badging, along with her acknowledgement that other transportation companies also transported her to appointments, establishes that she was not in a Mack Transportation vehicle at the time of the accident.

However, ACIC's position misrepresents plaintiff's testimony and is speculative. Ultimately, plaintiff testified that she did not know whether the transport car had Mack Transportation markings or not. Moreover, plaintiff's failure to recall whether the transport vehicle displayed the Mack Transportation logo does not establish that she was not in a Mack Transportation vehicle. In addition, that another transport company picked plaintiff up is possible, but speculative, given that the undisputed record evidence shows that LogistiCare arranged with Mack Transportation to pick her up, Mack Transportation accepted the assignment, and nothing in the record shows that Meridian Health or LogistiCare withdrew the request or scheduled another carrier to transport plaintiff.

Viewing the evidence submitted in the light most favorable to plaintiff, *Joseph*, 491 Mich at 206, and drawing all reasonable inferences in her favor, *Dextrom*, 287 Mich App at 415-416, we conclude that a genuine issue of fact remains as to whether plaintiff was a passenger in a Mack Transportation vehicle at the time of her accident. As indicated, it is undisputed that Meridian Health arranged through LogistiCare for Mack Transportation to transport plaintiff to her medical appointment. Although the daily trip log and the WBR shows that plaintiff's trip was not completed or billed, this could be either because it was cancelled prior to its start, or because of the alleged accident. Plaintiff's signature does not appear on the log, but from her description of her distracted driver, one might reasonably infer that the driver forgot and would have gotten it later. This is not to say that plaintiff can prevail without producing more evidence, just that the evidence she has produced thus far, viewed in the light most favorable to her, is sufficient to survive summary disposition. Accordingly, we vacate the trial court's orders of granting summary disposition to the MAIPF and the ACIC and remand this matter to the trial court for further proceedings consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Michael J. Kelly