*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD AND SPINE INSTITUTE, PC,
MCLAREN PORT HURON, and MCLAREN
MACOMB,

UNPUBLISHED
June 16, 2022

Plaintiffs-Appellees,

and

STACEY KREBS,

Intervening Plaintiff-Appellee,

v

No. 357144
Oakland Circuit Court
LC No. 2020-184934-NF

MID-CENTURY INSURANCE CO,

Defendant-Appellant,

and

USAA CASUALTY INSURANCE CO, and
CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

Defendants.

Before: LETICA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant, Mid-Century Insurance Co. ("Mid-Century"), appeals by leave granted[1] the
trial court's order denying its motion for partial summary disposition under MCR 2.116(C)(10).
Because plaintiffs, including intervening plaintiff, were required to seek payment for personal

---

[1] *Mich Head & Spine Institute, PC v Mid-Century Ins Co*, unpublished order of the Court of
Appeals, entered August 2, 2021 (Docket No. 357144).

-1-

injury protection (PIP) benefits from the assigned claims plan, the trial court erred when it denied Mid-Century's motion, and we reverse.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On September 25, 2020, intervening plaintiff, Stacey Krebs, was severely injured as a passenger in a vehicle driven by Stephen Basnaw.[2] The vehicle was owned by Stephen's father, Charles Basnaw. Charles maintained a business auto insurance policy with Mid-Century on the subject vehicle in connection with his landscaping and gardening business. The insurance policy included an entitlement to PIP benefits under the no-fault act, MCL 500.3101 *et seq.*, to persons who fell under its definition of "insured." Charles was the only person listed as a "named insured," and Charles and his wife, Alice Basnaw, were the only persons listed as "drivers" under the policy. At the time of the accident, Stacey did not own a vehicle, did not have a no-fault insurance policy, and was not domiciled with a relative who had a no-fault insurance policy. Stacey's father, Robert Krebs, however, had a policy with defendant USAA Casualty Insurance Co. ("USAA").

After the accident, Stacey sought payment for PIP benefits from Mid-Century under Charles's policy. Mid-Century denied the claim on the grounds that it was not within the order of priority for the payment of PIP benefits under MCL 500.3114. Mid-Century instructed Stacey to file a claim with the Michigan Assigned Claims Plan,[3] and Stacey subsequently assigned her rights to recover PIP benefits to plaintiffs.

Plaintiffs sought payment for the medical care provided to Stacey from Mid-Century, USAA, and the Michigan Automobile Insurance Placement Facility ("MAIPF"). Each refused payment. Plaintiffs subsequently filed a complaint seeking recovery of PIP benefits from Mid-Century, USAA, and MAIPF, which subsequently assigned its claim to defendant Citizens Insurance Company of the Midwest ("Citizens"). Stacey also filed an intervening complaint seeking recovery of PIP benefits from Mid-Century or, alternatively, from USAA[4] and MAIPF.

Mid-Century moved for partial summary disposition under MCR 2.116(C)(10), asserting that under MCL 500.3114(1), an injured person must first look to his or her own policy as a named insured, a spouse's policy, or the policy of a resident relative with whom he or she is domiciled.

---

[2] For ease of reading and to avoid confusion, we will refer to the individuals involved in this case by their first names. For the defendants who are not a party to this case, we will refer to them by their full names. We will refer to Michigan Head and Spine Institute, McLaren Port Huron, and McLaren Macomb as "plaintiffs."

[3] Under MCL 500.3171(2) and MCL 500.3301(1), the Michigan Automobile Insurance Placement Facility must maintain an assigned claims plan, and every insurer authorized to write automobile insurance in Michigan must participate in it. Under the assigned claims plan, the MAIPF assigns claims of individuals entitled to recover PIP benefits to a participating insurer, who will adjust the claim, pay any PIP benefits that the individual is entitled to recover, and then obtain reimbursement from the MAIPF. See MCL 500.3175(1).

[4] USAA ultimately was granted summary disposition on the basis that plaintiffs could not establish that Stacey was domiciled with a relative who was insured by USAA on the date of the accident.

If no such coverage is available, the injured person must then seek benefits from the assigned claims plan under MCL 500.3114(4). According to Mid-Century, it was not within the legislative order of priority for PIP benefits under MCL 500.3114(1) and, therefore, plaintiffs and Stacey were required to pursue their claims with the assigned claims plan.

Relying on *Lewis v Farmers Ins Exchange*, 315 Mich App 202, 210; 888 NW2d 916 (2016), plaintiffs and Stacey responded that the language of Mid-Century's insurance policy extended PIP coverage to anyone who suffered a bodily injury while occupying a covered automobile. Thus, because Stacey suffered a bodily injury while occupying an automobile covered by Mid-Century's policy, she qualified as an "insured" under the policy, such that she and her assignees were entitled to recover PIP benefits from Mid-Century.

On April 26, 2021, the trial court, without holding oral argument, denied Mid-Century's motion, stating:

> The court has considered the legal arguments of the parties and the evidence submitted in the light most favorable to [Stacey]. The court concludes that Mid-Century has not shown that it is entitled to summary disposition. The policy here provided for broader coverage than what is mandated by the (amended) No Fault Act. See *Lewis v Farmer Ins Exchange*, 315 Mich App 202 (2016).

Mid-Century moved for reconsideration, which the trial court denied, reiterating that Mid-Century's "policy expanded coverage beyond what was required by the No Fault on the date of the accident." The trial court explained:

> The Court agrees with the Defendant that [Stacey] is not a "named insured" on the policy. However, as previously stated, the policy expanded coverage beyond what was required by the No Fault Act on the date of the accident. Under the Michigan Personal Injury Protection Endorsement provision of the policy[,] the Defendant states it will pay PIP benefits to or for an "insured" (not a "named insured"). The Defendant has not shown that [Stacey] does not qualify as an "insured" under this provision.

Mid-Century subsequently sought leave to appeal the trial court's order denying its motion with this Court, which was granted. *Mich Head & Spine Institute, PC v Mid-Century Ins Co*, unpublished order of the Court of Appeals, entered August 2, 2021 (Docket No. 357144). This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We review a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue

of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Issues of statutory interpretation are also questions of law that we review de novo. *Lear Corp v Dep't of Treasury*, 299 Mich App 533, 537; 831 NW2d 255 (2013). If a statute is not ambiguous, "judicial construction is neither necessary nor permitted." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526; 697 NW2d 895 (2005). "If the statute's language is clear and unambiguous, then [this Court] assume[s] that the Legislature intended its plain meaning and the statute is enforced as written." *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004) (quotation marks and citation omitted).

"[G]eneral rules of contract interpretation apply" to insurance contracts. *Fuller v GEICO Indemnity Co*, 309 Mich App 495, 498; 872 NW2d 504 (2015). "Clear and unambiguous provisions of an insurance policy must be enforced according to their plain meanings." *Id.* When interpreting contracts, this Court will "avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency*, *Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). Additionally, we read contracts "as a whole, giving harmonious effect, if possible, to each word and phrase." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 50 n 11; 664 NW2d 776 (2003).

## III. ANALYSIS

On appeal, Mid-Century argues that the trial court erred when it denied Mid-Century's motion for partial summary disposition because the plain language of MCL 500.3114(4) mandates that plaintiffs and Stacey seek recovery of PIP benefits under the Michigan Assigned Claims Plan. We agree.

The no-fault act "is the 'rule book' for deciding the issues involved in questions regarding awarding [PIP] benefits." *Meemic Ins Co v Fortson*, 506 Mich 287, 298; 954 NW2d 115 (2020) (quotation marks and citation omitted). "The priority statutes, MCL 500.3114 and MCL 500.3115, define against whom an individual may make a claim for [PIP] benefits." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 215; 895 NW2d 490 (2017). The insurance policy, on the other hand, "controls the interpretation of its own provisions providing benefits not required by statute." *Fortson*, 506 Mich at 298 (quotation marks and citation omitted). In other words, insurance policies providing no-fault auto insurance coverage may expand coverage beyond the mandatory coverages required by the no-fault act. *Lewis,* 315 Mich App at 216. Thus, because PIP benefits are mandated by the no-fault act, entitlement to such benefits is governed by the no-fault act, not by the insurance policy. *Fortson*, 506 Mich at 298.

Plaintiffs and Stacey contend that under *Lewis*, 315 Mich App 202, an insurance policy may expand the scope of its coverage beyond the plain language of the no-fault act. Because Mid-Century's insurance policy expands the definition of the "insured" beyond the prescriptions of the no-fault act, including the priority scheme laid out in MCL 500.3114, they are entitled to PIP benefits under Mid-Century's policy.

In *Lewis*, this Court addressed the issue of whether, under the no-fault act, the plaintiff was considered a "relative" domiciled in the same house as her cousin, insured by the defendant, even

-4-

though the plaintiff was not a blood-relative, but was instead a cousin by a marriage. *Lewis*, 315 Mich App at 204-208. The plaintiff alleged that she was entitled to benefits under the defendant's policy because she qualified as her cousin's "family member" under the plain language of the policy. *Id.* The trial court ultimately held that the plaintiff was a "relative" of her cousin, according to both the plain language of MCL 500.3114(1) and the language in the insurance policy. *Lewis*, 315 Mich App at 208.

On appeal, this Court reversed the trial court's determination that the plaintiff was entitled to PIP benefits under the policy, first explaining:

> [O]ur analysis of this issue requires two separate, but related, inquiries: (1) whether plaintiff qualifies as a relative of [the cousin] for purposes of MCL 500.3114(1); and (2) if the policy provides broader coverage than that required under MCL 500.3114(1), whether plaintiff qualifies as a family member as that term is used in the policy. [*Id.* at 210.]

This Court added that, because "no-fault insurance policies may expand coverage beyond the mandatory coverages required by the act . . . if the language of the policy expanded the scope of PIP coverage beyond that required by MCL 500.3114(1), and plaintiff falls within that expanded scope of coverage, we must affirm the trial court's decision." *Id.* at 216 (quotation marks and citation omitted). However, because "[t]he definition of 'family member' in the policy is substantively identical to the definition of 'relative' . . . for purposes of MCL 500.3114(1)," and because the plaintiff fell under neither definition, she was not entitled to PIP benefits under the policy. *Id.* at 217-218.

According to plaintiffs and Stacey, *Lewis* stands for the proposition that, regardless of whether Stacey was entitled to PIP benefits from Mid-Century under MCL 500.3114, she was entitled to PIP benefits under the insurance policy because an insurer is permitted to provide PIP coverage to a broader class of persons than is required by statute. The subject policy stated, in relevant part:

> A. Coverage
>
> We will pay Personal Injury Protection benefits to or for an "insured" who sustains "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of an "auto" as an "auto." These benefits are subject to the provisions of Chapter 31 of the Michigan Insurance Code. Personal Injury Protection benefits consist of the following benefits:
>
> 1. Medical Expenses
>
> Reasonable and necessary medical expenses for an "insured's" care, recovery or rehabilitation. Charges for a hospital room are limited to those customary for a semiprivate room, unless special or intensive care is required.
>
> * * *
>
> B. Who Is An Insured

1. You or any "family member."

2. Anyone else who sustains "bodily injury":

a. While "occupying" a covered "auto";

b. As the result of an "accident" involving any other "auto" operated by you or a "family member" if that "auto" is a covered "auto" under the Policy's Covered Autos Liability Coverage; or

c. While not "occupying" any "auto" as a result of an "accident" involving a covered "auto."

Plaintiffs and Stacey further argue that under the unambiguous policy language, Stacey was an "insured" at the time of the accident as an "occupant" of a "covered auto." Thus, they assert that the policy broadened coverage beyond what is required under MCL 500.3114 to include Stacey as an "insured" and, that as an "insured," she was entitled to collect PIP benefits from Mid-Century.

Regardless of the breadth of Mid-Century's policy coverage, the policy does not control whether plaintiffs or Stacey may claim PIP benefits from Mid-Century. As noted, the no-fault act governs the coverages it mandates, while an insurance policy governs optional coverage not required by the no-fault act. *Fortson*, 506 Mich at 297-298. PIP benefits are mandated by the no-fault act; therefore, entitlement to, and payment of, PIP benefits is governed by statute, not by the insurance contract. *Id*. at 298. This is embodied in the insurance policy itself, which expressly states that liability for PIP benefits is "subject to the provisions of [the no-fault act]." Accordingly, *Lewis* is of no help to plaintiffs or Stacey because Mid-Century's insurance policy mandates that the no-fault act be followed.

Thus, Mid-Century's potential liability for payment of PIP benefits is dependent upon the no-fault act, including its priority provisions, MCL 500.3114 and MCL 500.3115. See *South Dearborn Environmental Improvement Ass'n v Dep't of Environmental Quality*, 502 Mich 349, 364; 917 NW2d 603 (2018) (stating the phrase "subject to" is synonymous with "dependent upon"). Subsection 3114(4) provides that claimants such as plaintiffs and Stacey "shall claim personal protection insurance benefits under the assigned claims plan."

Stated differently, because plaintiffs and Stacey are seeking no-fault PIP benefits for treatment provided to Stacey for injuries resulting from an accident occurring while she was an occupant in a motor vehicle, her entitlement to PIP benefits is controlled by MCL 500.3114.[5]

---

[5] MCL 500.3114 states, in relevant part:

(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to

Under MCL 500.3114(1), an injured person must generally seek PIP benefits from his or her own insurer. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015). Where there is no insurer identified under the statute, MCL 500.3114(4) provides for the assignment of the claim. *Titan Ins*, 312 Mich App at 301-302.

As the trial court recognized, the only named insured under the subject policy is Charles. Under the priority rule stated in MCL 500.3114(1), at the time of the accident, Stacey was not covered by any other no-fault policy because she was not the person named in the policy insuring Charles's vehicle; she was not Charles's spouse; and she was neither a relative of either Charles or his wife, nor domiciled in their household. Thus, MCL 500.3114(1) does not entitle plaintiffs or Stacey to PIP benefits from Mid-Century. Moreover, under the priority rule in MCL 500.3114(3), Stacey was not an employee of Charles, nor a spouse of his employee, nor was she a relative or in-law of one of Charles's employees at the time of the accident. Accordingly, MCL 500.3114(3) does not entitle plaintiffs or Stacey to claim PIP benefits from Mid-Century.

Lastly, plaintiffs and Stacey argue that MCL 500.3172(1) specifically provides that there are only four circumstances in which an individual is to receive benefits through the assigned claims plan, and that none of those subsections apply here. MCL 500.3172(1) states:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:
>
> (a) No personal protection insurance is applicable to the injury.
>
> (b) No personal protection insurance applicable to the injury can be identified.

---

*the person named in the policy, the person's spouse, and a relative of either domiciled in the same household*, if the injury arises from a motor vehicle accident.

\* \* \*

(3) An *employee, his or her spouse, or a relative of either domiciled in the same household,* who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

(4) Except as provided in subsections (2) and (3), *a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy* as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under sections 3171 to 3175 . . . . [Emphasis added.]

-7-

(c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.

(d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

According to plaintiffs, MCL 500.3172 does not apply because Stacey has PIP coverage available to her injury because: (1) she is an "insured" under the terms of Mid-Century's policy; (2) she has identified a policy and submitted a claim to Mid-Century; (3) there is no dispute between two or more carriers; and (4) Mid-Century is able to fulfill its obligations. According to MCL 500.3172(1), therefore, Stacey may not claim PIP benefits from the assigned claims plan. We are not persuaded.

MCL 500.3114(4) specifically applies because Stacey is "a person who suffer[ed] accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in [MCL 500.3114](1)." Thus, a claimant such as Stacey "shall claim personal protection insurance benefits under the assigned claims plan under [MCL 500.]3171 to [MCL 500.]3175." Under MCL 500.3172(a), the assigned claims plan is the appropriate insurer for PIP benefits because, as addressed above, there is no insurance policy otherwise applicable to Stacey's injuries.

For these reasons, plaintiffs and Stacey must seek PIP benefits from the assigned claims plan under MCL 500.3114(4). The trial court, therefore, erred when it denied Mid-Century's motion for partial summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. Mid-Century, as the prevailing party, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Anica Letica
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan