*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COLONIAL HOME CARE, LLC,

Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY and PROGRESSIVE MICHIGAN
INSURANCE COMPANY,

Defendants-Appellees.

UNPUBLISHED
March 10, 2025
9:09 AM

No. 370165
Wayne Circuit Court
LC No. 22-011129-NF

Before: MURRAY, P.J., and K. F. KELLY and D. H. SAWYER*, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition under MCR 2.116(C)(8) and (C)(10) in favor of defendants Progressive Marathon Insurance Company and Progressive Michigan Insurance Company. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The underlying complaint in this matter arises out of an insurance policy issued by defendants on February 6, 2020, to Evelyn Marion, who was subsequently injured in a motor vehicle collision on February 18, 2020. As a result of the collision, Marion required medical care and became a patient of plaintiff, a home medical care services provider, on July 1, 2021.

Plaintiff brought suit under the no-fault act, MCL 500.3101 *et seq.*, seeking reimbursement from defendants for the medical services plaintiff provided to Marion. Defendants moved for summary disposition, asserting that plaintiff had been properly reimbursed under the applicable fee schedule set forth in MCL 500.3157. The trial court agreed with defendants and granted their motion. This appeal followed.

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by Assignment.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant a motion for summary disposition. *Bailey v Antrim County*, 341 Mich App 411, 421; 990 NW2d 372 (2022).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery.

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis, quotation marks, and citations omitted).]

The question of the availability of insurance under a statute is a question of statutory interpretation, *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015), which this Court reviews de novo. *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023). This Court also reviews de novo "the construction and interpretation of an insurance contract[.]" *Lewis v Farmers Ins Exch*, 315 Mich App 202, 209; 888 NW2d 916 (2016). The primary goal in the interpretation of a contract is to honor the intent of the parties. *Klapp v United Ins Group Agency*, *Inc*, 468 Mich 459, 473; 663 NW2d 447 (2003).

## III. ANALYSIS

On appeal, plaintiff argues the trial court erred when it concluded that the fee schedule set forth in MCL 500.3157(7) applied to Marion's insurance policy because, according to plaintiff, the preamended version of the statute applied to her accident. We disagree.

"With the enactment of 2019 PA 21, the Legislature substantially amended portions of the no-fault act, including MCL 500.3157, effective June 11, 2019." *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 333 Mich App 457, 465 n 4; 960 NW2d 186 (2020) (quotation marks and citation omitted). As part of the amendments, MCL 500.3157(7) was revised and now states, in relevant part:

> If Medicare does not provide an amount payable for a treatment or rehabilitative occupational training under subsection (2), (3), (5), or (6), the physician, hospital, clinic, or other person that renders the treatment or training is not eligible for payment or reimbursement under this chapter of more than the following, as applicable:

(a) For a person to which subsection (2) applies, the applicable following percentage of the amount payable for the treatment or training under the person's charge description master in effect on January 1, 2019 or, if the person did not have a charge description master on that date, the applicable following percentage of the average amount the person charged for the treatment on January 1, 2019:

(*i*) For treatment or training rendered after July 1, 2021 and before July 2, 2022, 55%.

(*ii*) For treatment or training rendered after July 1, 2022 and before July 2, 2023, 54%.

(*iii*) For treatment or training rendered after July 1, 2023, 52.5%.

In *Andary v USAA Cas Ins Co*, 512 Mich 207; 1 NW3d 186 (2023), the Michigan Supreme Court first addressed whether the new fee schedules in MCL 500.3157(7) applied to individuals covered under policies and suffering from injuries that incurred before the effective date of the 2019 amendments. *Id*. at 221. Highlighting the fact that under the policies entered at the time of injury, the policies stated that "[t]here is no maximum dollar amount for reasonable and necessary medical expenses incurred for a covered person's care, recovery, or rehabilitation," *id*. at 222, the *Andary* Court held an individual's right to no-fault benefits vested at the time of injury. *Id*. at 241-242. Moreover, the Court determined that MCL 500.3157(7) would "not apply to any insured who was injured while covered by an insurance policy issued before June 11, 2019." *Id*. at 257. The Supreme Court acknowledged "while only treatment and services rendered after July 1, 2021, are subject to the amendments at issue, some of the amendments arguably apply to a class of persons injured *before* that date." *Id*. at 250. The Court explained that the amendments could apply at the earliest to individuals covered under an insurance policy issued on or after June 11, 2019, while at the latest, the amendments could apply to policies issued after July 1, 2020; however, the Court declined to resolve that question. *Id*.

This Court's decision in *Demske v Fick*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362739), is dispositive. There, the plaintiffs' insurance policy was issued October 1, 2019, with the accident occurring on October 25, 2019. *Id*. at ___; slip op at 1. This Court held because both events took place after the amendments to the no-fault act took effect on June 11, 2019, the amended statute applied. *Id*. at ___; slip op at 5. We explained because benefits under the no-fault act arise out of both statutory and contract law, the Court needed to "examine the formation and execution of the contract at issue against the relevant statutory law at the time." *Id*. at 7, citing *Andary*, 512 Mich at 240. The Court held that because the plaintiff's insurance policy explicitly provided it was governed by the no-fault act and any amendments, the amended no-fault act applied:

Under Michigan insurance law, the rights and obligations of the parties vest at the time of the accident. But, a PIP benefits claim for a specific amount of money to pay for medical services does not accrue until the expense is actually incurred. [*Demske*, ___ Mich App at ___; slip op at 7 (citations omitted).]

Accordingly, this Court explained while the amended no-fault act took effect on June 11, 2019, the fee schedules in MCL 500.3157 "set forth a reduction in the amount of the benefit covered contingent on the date the service was performed." *Id*.

Here, the insurance policy in question was issued on February 6, 2020, and the motor vehicle collision occurred on February 18, 2020. Marion's rights to claim benefits under the no-fault act, therefore, vested at the time of her motor vehicle collision on February 18, 2020. Because her injuries occurred after the amended no-fault act took effect, and because her insurance policy explicitly provided the policy was governed under the amended version of the no-fault act, the amended statute applied. See *Andary*, 512 Mich at 241-242; *Demske*, ___ Mich App at ___; slip op at 7. And because the amended version applies, the fee schedules contained in MCL 500.3157 also apply. See *Demske*, ___ Mich App at ___; slip op at 7. Plaintiff's reliance on *Progressive Marathon Ins Co v Pena*, 345 Mich App 270; 5 NW3d 367 (2023), is misplaced. There, we held that preamendment liability limits applied to the plaintiff's accident because, under the applicable statutory language, the new limits only applied to policies "issued or renewed" after July 1, 2020. *Id*. at 280-281. No such limiting language appears in MCL 500.3157 and, accordingly, *Pena* is inapplicable. The trial court, therefore, did not err when it granted defendants' motion for summary disposition.

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ David H. Sawyer