*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEMBERSELECT INSURANCE COMPANY,

Plaintiff-Appellant,

v

CHRISTIAN HIL PERLASKA and DANIELLE
LEIGH TRAPANI, Individually and as Next Friend
of NT,

Defendants,

and

AP, by Next Friend LUDVIK PERLASKA,

Defendant-Appellee.

UNPUBLISHED
May 21, 2025
2:48 PM

No. 369270
Macomb Circuit Court
LC No. 2023-002893-CZ

Before: WALLACE, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

In this action for declaratory judgment, plaintiff, MemberSelect Insurance Company (MemberSelect), appeals as of right an order granting summary disposition to defendant Ludvik Perlaska (Ludvik), as next friend of his daughter, AP, under MCR 2.116(C)(7) (claim barred by operation of law) and (C)(10) (no genuine issue of material fact), and denying MemberSelect's motion for summary disposition under MCR 2.116(I)(2) (opposing party entitled to summary disposition). We affirm.

## I. FACTUAL BACKGROUND

This case arises from a motor vehicle accident that occurred in September 2021. When the accident occurred, AP was the front seat passenger in a 2021 Toyota Camry owned and operated by her older brother, defendant Christian Perlaska (Christian). Christian was texting and driving, causing him to crash into the rear end of a 2021 Jeep Renegade driven by defendant, Danielle Leigh Trapani (Danielle). Danielle's son, defendant NT, was also in the vehicle. As a result of

-1-

the accident, AP, Danielle, and NT sustained various injuries. To recoup damages, Ludvik filed a third-party negligence action against Christian on behalf of AP.[1]

MemberSelect issued an automobile insurance policy to Christian and AP's parents, Ludvik and Tereze Perlaska, effective November 10, 2020 to November 10, 2021. Christian and AP were resident relatives under the terms of the insurance policy. The policy's declaration certificate indicated that the policy included bodily injury liability limits of $250,000 per individual and $500,000 per accident. Additionally, the policy provided, in relevant part:

**INSURING AGREEMENT–BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGES**

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this policy, **we** will pay compensatory damages for which an **insured person** is legally liable because of **bodily injury** or **property damage** arising out of the ownership, maintenance or use including the loading or unloading of the **insured auto**.

2. **We** will defend an **insured person** in any civil action to which this coverage applies, with attorneys of **our** choice or settle any claim for these damages as we think appropriate. **We** will choose either **our** staff attorneys or private attorneys. Both shall exercise their independent professional judgment in the defense of an **insured person**. However, **we** will not defend or settle, after **we** have paid our Limits of Liability for this coverage.

3. If the words "Includes MI Limited Property Damage Liability" are shown on the Declaration Certificate, **we** will also pay for damages which an **insured person** becomes legally obligated to pay for damage to a motor vehicle as required and limited by section 3135(3)(e) of the **Code**.

**EXCLUSIONS–PART I**

\* \* \*

4. Bodily Injury and Property Damage Not Covered. The Liability Coverage does not cover:

\* \* \*

---

[1] Danielle, individually and as next friend of NT, also filed a claim of negligence against Christian. However, the proceedings involving Danielle and NT are irrelevant to the issue presented on appeal.

n) **bodily injury** to **you** or a **resident relative**. This exclusion applies only to damages in excess of the minimum limit mandated by the motor vehicle financial responsibility law of Michigan.

MemberSelect filed a complaint for declaratory relief, asserting that liability coverage under Ludvik's insurance policy excluded "bodily injury claims made by the named insureds' resident relatives," and that this exclusion only applied to "insurance coverage that is not required under Michigan's Financial Responsibility Act," MCL 257.501 *et seq*. Because Ludvik brought a bodily injury claim against Christian, AP was a resident relative of her parents, and the "minimum limits required under the [sic] Michigan's Financial Responsibility Act" were $50,000 per person and $100,000 per accident, MemberSelect claimed that any indemnity obligation it had was limited to that amount. MemberSelect asked the trial court to enter an order declaring that the resident relative exclusion applied and rule that it was only obligated to indemnify Christian against Ludvik's claims up to $50,000 per individual.

In lieu of an answer, Ludvik moved for summary disposition under MCR 2.116(C)(7) and (C)(10), claiming that the recently amended version of MCL 500.3009 mandated that automobile insurers must provide bodily injury liability coverage at a minimum of $250,000 per person and $500,000 per accident. In order to reduce this mandated coverage, Ludvik claimed that MCL 500.3009(5) required him to complete and deliver a form to MemberSelect stating, in relevant part, that if an individual did not opt for higher or lower coverage limits, the $250,000 per person and $500,000 per accident limits applied. Ludvik asserted that the policy's resident relative exclusion did not reduce the coverage mandated under MCL 500.3009(1)(a) because the exclusion only applied to damages in excess of the limits mandated by the Michigan Vehicle Code's financial responsibility act. Ludvik pointed out that he was instead seeking coverage under the no-fault act, MCL 500.3101 *et seq*., which is part of the Insurance Code, MCL 500.100 *et seq*. Additionally, Ludvik contended that the resident relative exclusion was ambiguous and did not apply because it made "no reference" to MCL 500.3009. He also pointed out that the policy stated that the minimum limit of bodily injury liability coverage was $250,000 per person. Because the policy's declaration certificate indicated that the bodily injury liability limits were $250,000 per person and $500,000 per accident, and Ludvik never elected coverage with lower liability limits as required by MCL 500.3009(5), he requested the trial court find that the coverage mandated by MCL 500.3009(1)(a) applied.

MemberSelect filed a countermotion for summary disposition under MCR 2.116(I)(2), claiming that the policy's resident relative exclusion was enforceable because it merely "reduce[d] coverage to the mandatory minimum amount of coverage required" under the Michigan Vehicle Code's financial responsibility act, "as opposed to excluding coverage all together." According to MemberSelect, the amendment of MCL 500.3009(1)(a) did not change the minimum limits of liability coverage, but rather set the "default limits" of liability. And because the financial responsibility law set the minimum limit of liability coverage at $50,000 per person and $100,000 per accident, MemberSelect argued that those numbers were the applicable minimum, thus entitling it to summary disposition.

The trial court entered an opinion and order granting summary disposition to Ludvik. The court found that the resident relative exclusion applied, but that the resident relative exclusion applied only to reduce coverage to the statutory minimum, rather than preclude coverage

-3-

altogether. The court additionally found that the $250,000 per person and $500,000 per accident liability limits mandated by MCL 500.3009(1)(a) applied because Ludvik's policy was issued after July 1, 2020, and Ludvik did not fill out the form electing lower liability coverage. This appeal followed.

## II. ANALYSIS

MemberSelect argues that the trial court incorrectly found the applicable bodily injury liability limits to Ludvik's claim were $250,000 per person and $500,000 per accident under MCL 500.3009(1)(a). We disagree.

We review the grant or denial of summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). "When a defendant brings a motion for summary disposition under MCR 2.116(C)(7), we accept the allegations in the complaint as true unless contradicted by documentation that the defendant has submitted." *Spine Specialists of Mich PC v MemberSelect Ins Co*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 165445); slip op at 4.

When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). If the moving party properly asserts and supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court must only grant summary disposition under MCR 2.116(C)(10) "when there is no genuine issue of material fact," meaning that the record does not leave "open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted).[2]

Resolution of this appeal turns on the proper interpretation of MCL 500.3009. We review questions of statutory interpretation de novo. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature," and "[t]he most reliable evidence of legislative intent is the plain language of the statute." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019) (quotation marks and citation omitted). "If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute." *Id*.

We likewise review de novo the interpretation of contracts, including insurance policies. *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 507; 967 NW2d 841 (2021). To carry out the intent of the parties, an insurance contract should be read as a whole, with meaning given

---

[2] We note that although AP moved for summary disposition under both MCR 2.116(C)(7) and (10), we infer from the trial court's opinion and order that it decided the motion under MCR 2.116(C)(10) only. Thus, this is the standard we rely on when reviewing plaintiff's appeal.

to all of its terms. *Gavrilides Mgt Co, LLC v Mich Ins Co*, 340 Mich App 306, 317; 985 NW2d 919 (2022). "To determine whether an insured is entitled to insurance benefits, we employ a two-part analysis. First, we determine if the policy provides coverage to the insured. If it does, we then ascertain whether that coverage is negated by an exclusion." *Heniser v Frankenmuth Mut Ins*, 449 Mich 155, 172; 534 NW2d 502 (1995) (quotation marks and citation omitted). We "must not hold an insurance company liable for a risk that it did not assume," or "create ambiguity in an insurance policy where the terms of the contract are clear and precise." *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007) (quotation marks and citation omitted).

In June 2019, the Legislature amended MCL 500.3009, which included changes to liability coverage and raised the minimum bodily injury liability limits in automobile policies. See 2019 PA 21 and 2019 PA 22. MCL 500.3009 now provides, in relevant part:

> (1) Subject to subsections (5) to (8), an automobile liability or motor vehicle liability policy that insures against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle must not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless the liability coverage is subject to all of the following limits:

> (a) Before July 2, 2020, a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any 1 accident, and after July 1, 2020, a limit, exclusive of interest and costs, of not less than $250,000.00 because of bodily injury to or death of 1 person in any 1 accident.

> (b) Before July 2, 2020 and subject to the limit for 1 person in subdivision (a), a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and after July 1, 2020, and subject to the limit for 1 person in subdivision (a), a limit of not less than $500,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

> \* \* \*

> (5) After July 1, 2020, an applicant for or named insured in the automobile liability or motor vehicle liability policy described in subsection (1) may choose to purchase lower limits than required under subsection (1)(a) and (b), but not lower than $50,000.00 under subsection (1)(a) and $100,000.00 under subsection (1)(b). To exercise an option under this subsection, the person shall complete a form issued by the director and provided as required by section 3107e, that meets the requirements of subsection (7).

> \* \* \*

> (8) After July 1, 2020, if an insurance policy is issued or renewed as described in subsection (1) and the person named in the policy has not made an

effective choice under subsection (5), the limits under subsection (1)(a) and (b) apply to the policy. [MCL 500.3009(1)(a), (5) and (8).]

This Court recently held "that policies 'delivered or issued for delivery' before July 2, 2020, are subject to coverage limits of not less than $20,000/$40,000, and those after July 1, 2020, are subject to limits of not less than $250,000/$500,000." *Progressive Marathon Ins Co v Pena*, 345 Mich App 270, 278; 5 NW3d 367 (2023), quoting MCL 500.3009(1). Because the insurance policy in this case was issued after July 2, 2020, the $20,000 per individual and $40,000 per accident coverage limits do not apply. See *id*. Thus, the crux of MemberSelect's argument is whether the policy's resident relative exclusion limits the minimum liability coverage to $50,000 per person and $100,000 per accident under MCL 500.3009(5), or $250,000 per person and $500,000 per accident under MCL 500.3009(1)(a).

In *Progressive Marathon Ins Co v Espinoza-Solis*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 366764); slip op at 3, this Court contemplated whether the mandatory bodily injury liability minimum under MCL 500.3009(1)(a) applied when the defendant insured failed to cooperate with the plaintiff insurer as required by the underlying motor vehicle insurance policy. The plaintiff insurer claimed that it was only liable to indemnify the defendant insured up to $50,000, the statutory minimum under MCL 500.3009(5). *Id*. at ___; slip op at 2. This Court rejected the plaintiff's argument, finding that the mandatory liability limits under MCL 500.3009(1)(a) applied because the policy was issued after July 1, 2020 and the defendant had not elected lower liability coverage in accordance with MCL 500.3009(5) and (8). *Id*. at ___; slip op at 7-8. This Court stated, in relevant part:

> [T]he language of MCL 500.3009 is clear that the $250,000 per person and $500,000 per accident limits in Subsection (1) apply by default and are mandatory for all no-fault policies issued after July 1, 2020. We further conclude that Subsection (5) of the statute provides an "option" to obtain an exception to the mandatory minimums of Subsection (1) if certain conditions are met. Because the minimums in Subsection (5) do not apply automatically to every policy issued after July 1, 2020, and are not *required*, while the minimums in Subsection (1) *do* apply automatically by default to every policy issued after July 1, 2020, and are required unless certain requirements are met to obtain an exception to these mandatory minimums, we conclude that . . . the statutorily required minimum residual liability insurance under the current version of MCL 500.3009 for policies issued after July 1, 2020 is $250,000 per person and $500,000 per accident as stated in MCL 500.3009(1). We further note that there is an exception to this requirement, viz., if it is established that an effective election of a lower limit was made pursuant to Subsection (5), in which case the selected policy limit becomes the required minimum residual liability insurance. [*Espinoza-Solis*, ___ Mich App at ___; slip op at 8 (citations omitted).]

This Court in *MemberSelect Ins Co v Partipilo*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368674); slip op at 1, additionally contemplated "whether a household exclusion provision in a no-fault automobile insurance policy's bodily-injury liability coverage language limits coverage under MCL 500.3009 to $250,000, as defendants argue, or to $50,000 as plaintiff argues." As is the case with the insurance policy issued to Ludvik and Tereze Perlaska in

this matter, the insurance policy between the defendant insured and the plaintiff insurer in *Partipilo* excluded bodily injury coverage for resident relatives "in excess of the minimum limit mandated by the motor vehicle financial responsibility law of Michigan." *Id*. at ___; slip op at 2. The *Partipilo* Court, largely relying on the reasoning in *Espinoza-Solis*, concluded that "[w]hile the coverage issue in *Espinoza-Solis* concerned noncooperation by the insured compared with the present case involving the household exclusion, that distinction does not affect the ultimate conclusion" that under MCL 500.3009(1)(a), the statutorily required minimum bodily injury liability coverage for policies issued after July 1, 2020, is $250,000 per person and $500,000 per accident, unless the insured opted for lower coverage in accordance with MCL 500.3009(5). *Partipilo*, ___ Mich App at ___; slip op at 6.

There is no evidence that Ludvik opted for lower coverage under MCL 500.3009(5). In fact, he expressly denied doing so in his affidavit. Because MemberSelect offers no evidence to the contrary, and both *Espinoza-Solis* and *Partipilo* are binding on this Court, we conclude the trial court did not err by determining that the applicable liability limits are $250,000 per person and $500,000 per accident. Summary disposition was therefore proper under MCR 2.116(C)(7) and (C)(10).

Affirmed.

/s/ Randy J. Wallace
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett