*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTH CARE GROUP, INC., and
ALFERDO Z. ESTRADA, also known as
ALDREDO Z. ESTRADA, also known as
ALFREDO Z. ESTRADA,

UNPUBLISHED
July 23, 2025
11:02 AM

Plaintiffs-Appellees/Cross-Appellants,

v

No. 368835
Kalamazoo Circuit Court
LC No. 22-000185-NF

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendant-Appellant/Cross-Appellee.

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant, Progressive Michigan Insurance Company (Progressive), appeals as of right the trial court's orders denying its motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact), granting summary disposition to plaintiffs under MCR 2.116(C)(10) and (I)(2) (opposing party entitled to judgment), and providing monetary awards to plaintiffs. We reverse the trial court's orders denying Progressive's motion for summary disposition and granting summary disposition to plaintiffs, vacate the trial court's monetary awards to plaintiffs, and remand for further proceedings consistent with this opinion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Estrada's wife, Esther, applied for and obtained an automobile insurance policy with Progressive. The policy identified Esther as the "named insured," and Estrada as a resident

---

[1] Estrada and Bronson also cross-appeal the trial court's money award calculations, but, because the trial court erred by denying Progressive's motion for summary disposition, we need not address these arguments.

relative. Esther completed a "Michigan Selection of Personal Injury Protection (PIP) Medical Coverage" form, in which she expressly opted out of PIP medical benefits coverage. In exchange, her insurance premiums were reduced. The form, endorsed with Esther's initials and signature, stated that the reduced coverage selection applied to Esther and "any other person claiming benefits under this policy."

Several months after Esther opted out of PIP medical coverage, Estrada was injured in an automobile collision. Progressive denied his subsequent request for PIP medical benefits because PIP coverage was not included in the insurance policy. Estrada and plaintiff Bronson Health Care Group, Inc. (Bronson), one of Estrada's health care providers, filed suit, seeking payment for Estrada's medical expenses as well as penalty interest and attorney fees. Progressive moved for summary disposition, alleging that, because Esther specifically opted out of PIP benefits, Estrada was not eligible for coverage, and Progressive was not liable for payment of his medical expenses. In response, Estrada argued he was entitled to summary disposition because Esther could not waive his contractual rights under the policy without his consent and he did not sign the waiver form. The trial court denied Progressive's motion, granted summary disposition to plaintiffs, and entered various monetary awards. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion brought under MCR 2.116(C)(8):

> [T]ests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*Id*. at 159-160 (citations and emphasis omitted).]

Summary disposition under MCR 2.116(C)(10) is appropriate "when there is no genuine issue of material fact." *Id*. at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. If the moving party properly supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Summary disposition is proper under MCR 2.116(I)(2) "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment[.]"

We also review issues of statutory interpretation de novo. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019) (quotation marks and citation omitted). "The most reliable evidence of legislative intent is the plain language of the statute." *Id*. Clear and

unambiguous statutory language must be applied as written. *Measel v Auto Club Group Ins Co*, 314 Mich App 320, 326; 886 NW2d 193 (2016). "[W]e must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 361; 917 NW2d 603 (2018) (quotation marks and citation omitted). Moreover, we must interpret "the statutory provision in harmony with the entire statutory scheme." *Nyman v Thomson Reuters Holdings, Inc*, 329 Mich App 539, 544; 942 NW2d 696 (2019).

## III. ANALYSIS

Progressive argues the trial court erred by finding that Esther could not waive Estrada's PIP medical benefits coverage without his consent, because MCL 500.3107d only required that Esther, as the applicant or named insured, decline coverage. We agree.

"The goal of the no-fault insurance system [is] to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses[,]" including PIP benefits. *Donner v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365477); slip op at 4 (quotation marks and citation omitted). "In 2019, the Legislature made significant changes to the no-fault act in an effort to control the cost of automobile insurance, including allowing insurance applicants to opt out of PIP benefits from an insurer under certain conditions, MCL 500.3107d(1)." *Donner*, ___ Mich App at ___; slip op at 5 (quotation marks and citations omitted).

An applicant or named insured to an automobile insurance policy may opt out of PIP if certain requirements are met. Specifically, MCL 500.3107d provides:

> (1) For an insurance policy that provides the security required under section 3101(1) and is issued or renewed after July 1, 2020, the *applicant* or *named insured* may, in a way required under section 3107e and on a form approved by the director, elect to not maintain coverage for [PIP medical] benefits payable under section 3107(1)(a) if the *applicant or named insured is a qualified person*, and if *the applicant's or named insured's spouse and any relative of either that resides in the same household have qualified health coverage or have coverage for benefits payable under section 3107(1)(a)* from an insurer that provides the security required by section 3101(1).

> (2) An applicant or named insured shall, when requesting issuance or renewal of a policy under subsection (1), provide to the insurer a document from the person that provides the qualified health coverage stating the names of all persons covered under the qualified health coverage. [MCL 500.3107d(1) and (2) (citations omitted, emphasis added).]

In other words, the requirements to opt out of PIP medical benefits are: (1) the automobile insurance policy must have been issued or renewed after July 1, 2020; (2) the applicant or named insured must be a qualified person, meaning they have qualified health coverage; (3) the spouse or resident relative of the applicant or named insured must have qualified health coverage; (4) the applicant or named insured must elect to not maintain PIP benefits, and that election must be made

on an approved form; and (5) the applicant or named insured must provide the insurer evidence of qualified health coverage for all persons.

> If the applicant or named insured opts out of PIP benefits coverage:

> An election under this section applies to the applicant or named insured, the applicant or named insured's *spouse*, a relative of either domiciled in the same household, and *any other person who would have had a right to claim personal protection insurance benefits under the policy but for the election*. [MCL 500.3107d(5) (emphasis added).]

Esther, as an applicant and named insured, complied with the requirements of MCL 500.3107d by endorsing a provision on Progressive's form that indicated she opted out of her PIP benefits coverage in exchange for a lower insurance premium. By electing to opt out of these benefits, Esther endorsed that she and Estrada had qualified health coverage, and that she was aware this selection would apply to anyone covered by the policy. Thus, pursuant to the plain language of MCL 500.3107d(5), Estrada—as Esther's spouse and resident relative—did not have PIP benefits coverage through the Progressive policy.

On appeal, however, plaintiffs argue that MCL 500.3107d(3)(g) required Progressive to also provide Estrada with the means to opt out of PIP medical coverage because he was a "qualified person" under the policy.[2] MCL 500.3107d(3)(g) provides that, "[i]f all persons required to be qualified persons under [MCL 500.3107d(1)] are qualified persons, [the insurance provider's form must] provide the person a way to mark the form to elect to not maintain the coverage." A "qualified person" is "a person who has qualified health coverage under subdivision (b)(*ii*)." MCL 500.3107d(7)(c).

Although Estrada met the definition of a "qualified person" under MCL 500.3107d(7)(c), this is not dispositive. Esther was an applicant and named insured on the policy with Progressive, and had qualified health coverage. Thus, she was a "qualified person" under MCL 500.3107(d)(7)(c), and the form had to provide her with a way to opt out of PIP coverage, which it did. MCL 500.3107d(5) expressly provides that Esther's election applied to Estrada as her spouse. Requiring Progressive to also provide Estrada with a way to opt out of PIP coverage would essentially render MCL 500.3107(d)(5) meaningless. Because Esther validly opted out of PIP coverage on behalf of herself and Estrada, we find the trial court erred by denying Progressive's motion for summary disposition and granting summary disposition to plaintiffs. Because plaintiffs were not entitled to summary disposition, they were similarly not entitled to the monetary awards ordered by the trial court.

---

[2] Estrada asserts that he is a "qualified person" because he was the applicant or named insured on the policy. In support of this argument, Estrada relies on the policy's declarations page and waiver form, Progressive's representation in its motion for summary disposition that Estrada was listed as a "named insured," and an affidavit from one of Progressive's employees stating that both Esther and Estrada "applied for a policy of insurance with Progressive[.]"

We reverse the orders denying Progressive's motion for summary disposition and granting summary disposition to plaintiffs, vacate the trial court's monetary awards to plaintiffs, and remand for the trial court to enter an order granting summary disposition to Progressive. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron